**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
 Of Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PENDLETON DIVISION

| | |
|---|---|
| **RICHARD F. WEAVER, JR.**,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>**OREGON DEPARTMENT OF CORRECTIONS; COLLETTE PETERS, MICHAEL GOWER; LAURA STERLING; KEVIN JACKSON; HUGO ENRIQUEZ; ROBERT HILLMICK; CAMERON BAUER; RICHARD POWELSON; ADAM ARCHER; RODNEY CAREY; WILLIAM POWELL; and BRIGITTE AMSBERRY,**<br><br>　　　　　Defendants. | Case No. 2:19-cv-02046-SB<br><br>**FIRST AMENDED COMPLAINT** |

　　　　Plaintiff alleges as follows:

　　　　1.　　Plaintiff Richard F. Weaver, Jr., SID#8855258, was an inmate at Two Rivers Correctional Institution (TRCI), and was seriously injured when he was assaulted by members of

PAGE 1 – **FIRST AMENDED COMPLAINT**

a prison gang on December 20, 2017, when he was transferred to EOCI. Defendants were aware that plaintiff was at risk of being assaulted when he was placed on a unit with active IPO gang members.

2. Defendants violated Weaver's federal constitutional rights by failing to protected him against known and serious threats to his safety. Weaver seeks equitable relief, compensatory and punitive damages, as well as attorney fees and costs as set forth below.

## PARTIES

3. Richard F. Weaver, Jr. is an inmate in ODOC custody.

4. Defendant Colette Peters is the Director of the ODOC. Peters is responsible for the crafting and implementation of the policy of refusing to acknowledge active and inactive gang units at TRCI and EOCI. Peters is responsible for implementing the cell match system which places inmates in units/cells based on criteria to that do not take into consideration credible threats of violence toward inmates.

5. Defendant Mike Gower is the Operations Director of the ODOC. Gower is responsible for the crafting and implementation of the policy of refusing to acknowledge active and inactive gang units at TRCI and EOCI. Gower is responsible for implementing the cell match system which places inmates in units/cells based on criteria to that do not take into consideration credible threats of violence toward inmates.

6. Laura Sterling is a Corrections Captain at TRCI.

7. Kevin Jackson is a Corrections Captain at TRCI.

8. Hugo Enriquez is a Corrections Captain at TRCI.

9. Robert Hillmick is a Corrections counsellor at TRCI.

10. Cameron Bauer is a Corrections Lieutenant at TRCI.

PAGE 2 – **FIRST AMENDED COMPLAINT**

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

11. Richard Powelson is a Corrections Captain at EOCI

12. Adam Archer is a Corrections Lieutenant at TRCI.

13. Rodney Carey is a Corrections Lieutenant at EOCI.

14. William Powell is a Corrections Lieutenant at EOCI.

15. Brigitte Amsberry was the Superintendent of EOCI.

16. Defendants violated Weaver's federal constitutional rights by failing to protect him against known and serious threats to his safety. Defendants acted under the color of law and were deliberately indifferent to Weaver's constitutional rights. Defendants acted in bad faith and violated clearly established laws which reasonable prison officials knew or should have known. Each defendant is sued in his individual and official capacity.

## GENERAL FACTUAL ALLEGATIONS

17. Members of gangs in Oregon prison are considered "active" if they are still a participating member of the gang; those who have left the gang are called "dropouts." These terms are known and used by staff and inmates alike. Dropouts are subject to violence at the hands of active gang members. A unit is an active unit if it houses active gang members. Active members frequently assault dropouts if one is placed on am active unit.

18. Previous policies at TRCI had created dropout and active gang units so there were units that gang dropouts and other vulnerable inmates would be safe from predation by gang members. As of 2019, TRCI has discontinued that policy and now assigns housing based on the CellMatch system. This is computer programs assigning inmates to cells based on various criteria. Under the Cellmatch system there are only general population housing units and incentive housing. An inmate will only be rehoused to another unit if there is a conflict with a specific inmate; TRCI and EOCI policy (implemented through CellMatch) does not permit staff

PAGE 3 – **FIRST AMENDED COMPLAINT**

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

to rehouse inmates because they are a dropout and the unit they were placed in is active. This has resulted in gang members and dropout gang members being housed in the same units. As a consequence, gang dropouts are routinely being assaulted by active gang members. This is known by ODOC staff.

19. Weaver was taken into custody by ODOC in 2011. After intake at Coffee Creek Correctional Institution he was transferred to Snake River Correctional Institution (SRCI). Weaver was a member of a native American prison gang from 2014 until approximately 2016. Weaver approached Sgt. Johnson at SRCI and reported that IPO (another native American gang) was trying to extort him with threats of violence. Sgt. Johnson placed Weaver in segregation for 8 months at which time he was transferred to Oregon State Penitentiary (OSP). When Weaver arrived at OSP, he informed intake that he was not safe there because the general population "yard" was an active IPO yard. Nevertheless, he was placed in general population at OSP and was assaulted three weeks later.

20. Weaver then spent approximately 18 months in segregation at TRCI and SRCI, and was eventually placed on a dropout/inactive unit at TRCI. In December 2017, Weaver was transferred to EOCI. Prior to his transfer he informed staff, including defendants Sterling, Jackson, Enriquez, Hillmick, Bauer, Powelson, Archer, that he could not be sent to EOCI because there was a hit out on him from IPO and EOCI has an active IPO presence. Weaver also informed Cherie Peterson, the corrections counselor of this fact. Defendants told him to get on the bus (that would transport him to EOCI) or go to the hole (disciplinary segregation).

21. On December 20, 2017, when Weaver arrived at EOCI he informed staff, including defendants Powell and Carey that he was in danger because of IPO. Regardless, they placed him on the west side of the EOCI, which is an active IPO yard. Weaver went to his cell,

PAGE 4 – **FIRST AMENDED COMPLAINT**

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

and then went to the cafeteria when he was assaulted by an IPO gang member. He came up from behind Weaver and started beating him in the head. He suffered a bloody nose, an elbow injury and bruising.

22.     Each individual acted under color of law and in their personal and professional capacities when they ignored Weaver's requests for protection and deliberately placed them in harm's way.

23.     Weaver employed the prisoner grievance procedure and exhausted the grievance procedure in full.

24.     Weaver filed Tort Claims Notices within the time allotted by statute.

## CLAIM I

## (42 U.S.C. § 1983 – Violation of Constitutional Rights)

## (against Defendants)

25.     Weaver re-alleges all previous relevant paragraphs as if fully stated herein.

26.     By failing to protect Weaver and exposing him to violence at the hands of members of prison gangs, as alleged above, defendants violated Weaver's Eighth Amendment Rights under the U.S. Constitution.

27.     All of these claims mentioned caused Weaver mental, emotional and physical injuries. Weaver seeks noneconomic damages to redress these injuries.

28.     Weaver has no plain, adequate or complete remedy at law to redress the wrongs described herein. Weaver has been and will continue to be irreparably injured by the conduct of the defendants unless the Court grants the declaratory and injunctive relief which he seeks.

29.     Defendants' acts were willful and malicious and done with reckless indifference to Weaver's protected rights. Defendants should be assessed punitive damages in an amount as

PAGE 5 – **FIRST AMENDED COMPLAINT**

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

fixed by a jury to punish them and to deter such conduct in the future.

30. Weaver is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

## PRAYER

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment granting him:

a) A declaration that the acts and omissions described herein violated his rights under the U.S. Constitution;

b) A preliminary and permanent injunction ordering defendants to protect dropout inmates that have credible threats of violence from active gang members in ODOC custody;

c) An award of compensatory damages in a sum that is just as determined by a jury, here alleged to be $600,000;

d) An award of punitive damages in a sum that is just as determined by a jury, he alleged to be $600,000.

e) Plaintiff's costs and attorney fees in this suit, and

f) Any additional relief this court deems just, proper, and equitable.

Plaintiff requests a trial by jury on all matters so triable.

DATED: November 18, 2020

**Law Offices of Daniel Snyder**

 *s/ John Burgess*
John Burgess, OSB No. 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249
Of Attorneys for Plaintiff

PAGE 6 – **FIRST AMENDED COMPLAINT**

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249